IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                       CIV 16-0452 KG/KBM
                                       CR  14-2443 KG

ALEJANDRO SOTO-ROBLEDO,

    Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant's *pro se* Notice of Timely *Johnson* Retroactivity Claim and Preservation of Right *(CIV Doc. 1, CR Doc. 63)*,[1] filed May 16, 2016. On May 19, 2016, the Court entered an order noting that the motion was docketed as a § 2255 motion and granting leave for Defendant Soto-Robledo ("Soto") to either amend or to withdraw his motion within 30 days of the entry of the Order. *Doc. 64.* In response to that Order, Soto filed an amended motion pursuant to § 2255 on June 29, 2016 that added two additional claims. *Doc. 66.* The United States filed a response to that amended motion on August 22, 2016. *Doc. 68.* Having reviewed the parties' submissions and relevant authorities, the Court finds that the issues are clear and that the § 2255 Motion is not well-taken. The Court will therefore recommend to the presiding judge that the motion be denied without an evidentiary hearing.

---

[1]   For clarity, all future references will be to just the document number in the criminal case, unless otherwise noted.

**I. Factual Background**

On August 25, 2014, Soto pled guilty to the § 1326 illegal reentry charge in the single-count indictment without the benefit of a plea agreement. *Doc. 29.* The Honorable Kenneth G. Gonzales sentenced Soto-Robledo to 57 months incarceration on February 3, 2015 after overruling his objections to the Presentence Report (PSR). *Doc. 36.* On appeal, the Tenth Circuit affirmed Judge Gonzales' decision expressly finding that Judge Gonzales "could reasonably rely on the 16-level enhancement [for a prior drug trafficking conviction] to arrive at an appropriate sentence." *Doc. 62* at 3.

**II. Standard of Review**

Under 28 U.S.C. § 2255, a court is permitted to vacate, correct or set aside a sentence that was "imposed in violation of the constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to a collateral attack." 28 U.S.C. § 2255. Section 2255 presumes that the movant is entitled to an evidentiary hearing on his claims unless the record conclusively establishes that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).

**II. Analysis**

Looking at both the original and amended motions filed pursuant to § 2255, Soto raises three claims for relief: (1) retroactive application of *Johnson v. United* States, 135 S. Ct. 2551 (2015), to his case; (2) lack of jurisdiction for the United States to prosecute Soto in the United States District Court for the District of New Mexico; and (3) ineffective assistance of counsel for failure to object to an electronically-filed document in his appeal with the Tenth Circuit with an allegedly improper signature.

**A. The *Johnson* Claim**

Insofar as Defendant relies on the *Johnson* decision as a basis for relief, his faith is misplaced. In *Johnson*, the United States Supreme Court determined that the Armed Career Criminal Act ("ACCA") residual clause for defining a violent felony, 18 U.S.C. § 924(e), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Thus, an enhancement of a sentence using that residual clause was found to be invalid.

The Supreme Court subsequently held that *Johnson* applies retroactively to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). Moreover, the Tenth Circuit has expanded the *Johnson* rationale to hold unconstitutional indistinguishable clauses used to define violent felonies, including such clauses found within the advisory federal sentencing guidelines and other statutory provisions. *United States v. Madrid*, 805 F.3d 1204, 1211 (2015) (career offender guideline § 4B1.1); *Golicov v. Lynch*, 2016 WL 4988012 (10th Cir. Sept. 19, 2016) (18 U.S.C. §16(b) and, by extension, 8 U.S.C. § 1101(a)(43)(F)).[2]

Here, however, *Johnson* simply is not implicated. No residual clause – ACCA or otherwise – was used to enhance Defendant Soto's sentence. Instead, the then-applicable 16-level enhancement for a prior "aggravated felony" conviction was predicated on Soto's prior drug trafficking conviction in violation of C.R.S.A. § 18-18-405. Drug trafficking offenses are expressly identified as aggravated felonies under 8 U.S.C. § 1101(43)(C), so there was no need to resort to analysis under the crimes of violence residual clause under 8 U.S.C. § 1101(43)(F). Similarly, as the United States points out, a residual clause simply "does not exist under USSG § 2L1.2." *Doc. 68.*

---

[2]  The Tenth Circuit in *Golicov* held that "18 U.S.C. § 16(b) is not meaningfully distinguishable from the ACCA's residual clause and that, as a result, § 16(b), and by extension 8 U.S.C. § 1101(a)(43)(F), must be deemed unconstitutionally vague in light of *Johnson*." *Id.* at *5.

Insofar as Soto was sentenced as a career offender pursuant to USSG § 4B1.1, that enhancement was also based exclusively on that prior Colorado drug trafficking conviction. Thus, the *Johnson* holding and rationale are simply inapplicable, and the claim lacks merit.

### B.  Claim of Lack of Jurisdiction to Prosecute

While his amended motion is not a model of clarity, Soto appears to argue that the United States Attorney for the District of New Mexico lacked jurisdiction to prosecute him for illegally returning to the United States after his removal.

Section 3231 of Title 18 of the United States Code provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Defendant was charged with illegal reentry – a violation of 18 U.S.C. § 1326.

> The plain language of § 1326(a) establishes that a previously deported alien who illegally enters and remains in the United States can violate the statute at three different points in time, namely, when the alien (1) "enters," (2) "attempts to enter," or (3) is at any time "found in" the United States. We have held that the "found in" language of § 1326(a) is synonymous with "discovered in."

*United States v. Rosales-Garay*, 283 F.3d 1200, 1202 (10th Cir. 2002). Thus, illegal reentry constitutes a continuing offense until the alien who reentered without permission is "found" within the United States. *United States v. Morgan*, 380 F.3d 698, 703 (2d Cir. 2004). A proper venue for prosecution of this offense therefore lies in the district in which the alien is found. Because Border Patrol agents encountered Soto in Dona Ana County, New Mexico, this claim fails. Moreover, Soto's argument that his defense attorney somehow had a conflict of interest preventing him from raising this meritless argument also fails.

4

**C. Ineffective Assistance of Appellate Counsel Claim**

The Sixth Amendment provides for the right to effective assistance of counsel in order to "protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Similarly, an appeal "is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). "To prevail on an ineffective assistance of counsel claim under *Strickland*, a petitioner must show: (1) 'counsel's performance was deficient' and (2) 'the deficient performance prejudiced the defense.'" *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

The *Strickland* test demands that the defendant establish that the attorney's "representation fell below an objective standard of reasonableness" by showing that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Williams v. Taylor*, 529 U.S. 362, 390 (2000) (quoting *Strickland*, 466 U.S. at 687). The Court must give "considerable deference to an attorney's strategic decisions" and "'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Moreover, if defendant fails to prove actual prejudice, the court need not address whether counsel's performance was deficient. "Prejudice is shown if defendant establishes a reasonable probability that the outcome of the trial, sentencing, or appeal would have been different had counsel raised the omitted claim or argument." *United States v. Hill*, No. CR-05-111-L, 2009 WL 1531533 (W.D. Okla. June 1, 2009) (citing *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001), *cert. denied*, 537 U.S. 835

(2002)).

Defendant Soto's theory is premised upon his appellate attorney's failure to object a document which he contends was not lawfully signed pursuant to CM/ECF e-filing requirements. Specifically, Soto refers to the Government's Answer Brief filed July 16, 2015. The Tenth Circuit Court of Appeals CM/ECF User's Manual requires that the "name/signature block of the filing user under whose login and password the document is submitted must be preceded by an '/s' and typed in the space where the signature would otherwise appear." CV *Doc. 5-1* at 3-4. The Answer Brief in question, Doc. 01019461380 in Docket No. 15-2027 (readily available using the PACER system) clearly met this requirement as the filer indicated "/s David Williams" where the handwritten signature would ordinarily appear. Once again, Defendant's claim collapses.

Wherefore,

IT IS HEREBY RECOMMENDED that Defendant Soto's § 2255 Motion as amended be denied without a hearing.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE